IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Native Village of Eklutna**, | Case No. 1:19-cv-02388-DLF |
| Plaintiff; | |
| v. | **Federal Defendants' Answer to the Complaint** |
| **U.S. Department of the Interior**, et al., | |
| Defendants. | |

Federal Defendants the U.S. Department of the Interior and (in their official capacities) David Bernhardt, Tara Sweeney, John Tahsuda, and James Cason, hereby answer the correspondingly numbered paragraphs of the Complaint (ECF No. 1).  Any allegation not specifically admitted, denied, or qualified, is denied.

1.     Federal Defendants admit that the Native Village of Eklutna is a federally recognized Indian Tribe whose members are of the Dena'ina people, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 1.  Defendants

lack knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of Paragraph 1 as to whether the Tribe has preserved its cultural heritage.  Federal Defendants admit that the Tribe has retained its sovereign governmental authority in the same manner as all federally recognized tribes.  The allegations in the third sentence are Plaintiff's statement of its case, which requires no response.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentences of Paragraph 1.  Federal Defendants admit the fifth sentence of Paragraph 1.

2.       Federal Defendants admit that the Ondola Allotment is located approximately 7 miles from the present-day location of the Native Village of Eklutna, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 1. Federal Defendants admit the allegations in the second sentence.  Federal Defendants admit that today the land is held by Ms. Ondola's heirs and their heirs, and that Federal Defendants accepted as true, for purposes of the decision at issue, the Tribe's representations regarding whether all of Ms. Ondola's heirs and their heirs were or are Eklutna tribal members. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in the third sentence.

3.       Federal Defendants deny the allegations in Paragraph 3.

4.       Federal Defendants admit the allegations in Paragraph 4.

2

5.      Federal Defendants admit the allegations in the first sentence of Paragraph 5.  The allegations in the final sentence are Plaintiff's statement of its case, which require no response.  Federal Defendants deny the remaining allegations in Paragraph 5.

6.      Federal Defendants admit the allegations in Paragraph 6.

7.      Federal Defendants admit the allegations in Paragraph 7.

8.      Federal Defendants admit the allegations in Paragraph 8.

9.      Federal Defendants admit the allegations in Paragraph 9.

10.     Federal Defendants admit the allegations in Paragraph 10.

11.     Federal Defendants admit the allegations in Paragraph 11.

12.     Federal Defendants admit the allegations in Paragraph 12.

13.     Federal Defendants deny the allegations in Paragraph 13.

14.     Federal Defendants admit that venue is proper in this Court, but deny any remaining allegations in Paragraph 14.

15.     The allegations in Paragraph 15 are vague as to the specific land area in question, and on that basis are denied.

16.     Federal Defendants admit the allegations in the first sentence of Paragraph 16.  The remaining allegations in Paragraph 16 are vague in their identification of the geographic features and buildings in question, and on that basis are denied.

17.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of

Paragraph 17.  The allegations in the second sentence are vague in their identification of the records in question, and on that basis are denied.

18.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, but aver that the Tribe lacks territorial jurisdiction over the Allotment.

19.     Federal Defendants admit that the Tribe filed protests with the Bureau of Land Management.  The remaining allegations in the first sentence of Paragraph 19 purport to characterize those protests, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those documents, they are denied.  Further, Federal Defendants aver that the protests themselves could not have established aboriginal title to the Allotment.

20.     The allegations in the first sentence of Paragraph 20 are vague in their identification of the correspondence and testimony in question, and on that basis are denied.  Federal Defendants admit that Olga Ondola applied for the allotment that is the subject of this action (and that it is properly described in footnote 1 of the Complaint), but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second, third, and fourth sentences.

21.     Federal Defendants admit the allegations in Paragraph 21.  The allegations in footnote 2 of the Complaint purport to characterize a statute,

which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

22.     Federal Defendants admit that they accepted as true, for purposes of the decision at issue, the Tribe's representations regarding whether Ms. Ondola and her heirs were or are Eklutna tribal members, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22.

23.     The allegations in Paragraph 23 purport to characterize court opinions and statutes, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those opinions and statutes, they are denied.

24.     The allegations in Paragraph 24 purport to characterize ANCSA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

25.     The allegations in Paragraph 25 are vague in the identification of the lands in question, and on that basis are denied.

26.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 are vague in their identification of the members and lands in and around the Village, and on that basis are

denied.  Further, Federal Defendants aver that the Tribe lacks territorial jurisdiction over the Allotment.

29.     The allegations in Paragraph 29 are vague in their identification of the events, authorities, and ordinances in question, and on that basis are denied.

30.     Federal Defendants admit that the Tribe formally adopted a written Constitution in 1988 and amended it in 1996.  The remaining allegations in Paragraph 30 purport to characterize the written Constitution, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Constitution, they are denied.

31.     The allegations in Paragraph 31 quote the written Constitution, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Constitution, they are denied.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, but aver that the Tribe lacks territorial jurisdiction over the Allotment.

33.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in first, second, and fourth sentences of Paragraph 33.  The allegations in the third sentence purport to characterize a lease, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the lease, they are denied.

34.     Defendants admit to the allegations in Paragraph 34, but aver that tribal membership alone would not establish the Tribe's territorial jurisdiction over the Allotment.

35.     Federal Defendants deny the allegations in Paragraph 35.

36.     The allegations Paragraph 36 purport to characterize the written Constitution, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Constitution, they are denied.  Federal Defendants also aver that, even if accurate, the authority in question does not establish territorial jurisdiction over the Allotment.

37.     Federal Defendants admit the allegations in the first sentence of Paragraph 37.  The allegations in the second sentence purport to characterize that the Tribe's Relatives Talk Code, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Code, they are denied.

38.     Federal Defendants admit the allegations in the first sentence of Paragraph 38.  Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations in the second and third sentence, but aver, even if correct, that none of these service establish territorial jurisdiction over the Allotment.

39.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, but aver that,

even if accurate, the identified services do not establish territorial jurisdiction over the Allotment.

40.     Defendants admit the allegations in Paragraph 40, but aver that, even if accurate, the identified payments do not establish territorial jurisdiction over the Allotment.

41.     The allegations in the first sentence of Paragraph 41 are vague in the identification of the ordinance in question, and on that basis are denied. Federal Defendants admit that the Tribe has posted signs along the perimeter of the Allotment, but aver that the posting of signs does not establish territorial jurisdiction over the Allotment.

42.     Federal Defendants admit that the Tribe has passed an Environmental Protection Ordinance.  The remainder of the allegations in Paragraph 42 purport to characterize that Ordinance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Ordinance, they are denied.  Further, Federal Defendants aver that, even if accurate, the Ordinance would not, standing alone, establish territorial jurisdiction over the Allotment.

43.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, but aver that, even if accurate, the inspection would not, standing alone, establish territorial jurisdiction over the Allotment.

44.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, but avers that, even if accurate, evidence that the Tribe caused the clean-ups would not establish territorial jurisdiction over the Allotment.

45.     The allegations in Paragraph 45 are vague in the identification of the exercises of governmental authority in question, and on that basis are denied.

46.     Federal Defendants admit that the Tribe has adopted a Dog Ordinance.  The remainder of the allegations in Paragraph 46, purport to characterize that Ordinance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the Ordinance, they are denied.  Further, Federal Defendants aver that, even if accurate, the Ordinance would not establish territorial jurisdiction over the Allotment.

47.     Federal Defendants admit the allegations in Paragraph 47, but aver that the letter agreement would not establish territorial jurisdiction over the Allotment.

48.     The allegations in Paragraph 48 purport to characterize a contract with the Indian Health Service, an agency within the Department of Health and Human Services, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that contract, they are denied.

9

49.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, but aver that, even if accurate, the provision of health care and social services would not establish territorial jurisdiction over the Allotment.

50.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, but aver that, even if accurate, the provision of health care services would not establish territorial jurisdiction over the Allotment.

51.     Federal Defendants admit that the Tribe provided meat and fish to Ms. Ondola until her death in 1964 but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51.  Further, Federal Defendants aver that the provision of food would not establish territorial jurisdiction over the Allotment.

52.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, but aver that, even if accurate, the food bank would not establish territorial jurisdiction over the Allotment.

53.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, but aver that, even if accurate, the services would not establish territorial jurisdiction over the Allotment.

54.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, but aver that, even if accurate, the services would not establish territorial jurisdiction over the Allotment.

55.     The allegations in Paragraph 55 are vague in the identification of the government authority in question, and on that basis are denied.

56.     Federal Defendants admit that the Tribe enacted a gaming ordinance in 1995 and amended it on the stated dates.  The remaining allegations in Paragraph 56 purport to characterize that ordinance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ordinance, they are denied.

57.     Federal Defendants admit the allegations in the final sentence of Paragraph 57.  The allegations in Paragraph 57 purport to characterize the Tribe's gaming ordinance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ordinance, they are denied.

58.     Federal Defendants admit that, on December 21, 2006, the Tribal Council adopted Resolution 2006-26 establishing a gaming authority.  The remaining allegations in the first sentence of Paragraph 58 purport to characterize the ordinance, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the ordinance, they are denied.  Federal Defendants lack knowledge or

information sufficient to form a belief about the truth of the allegations in the second sentence.  Federal Defendants admit the allegations in the third sentence.

59.     Federal Defendants admit the allegations in Paragraph 59, but aver that approval of the lease agreement does not establish territorial jurisdiction over the Allotment.

60.     Federal Defendants admit the allegation in Paragraph 60.

61.     The allegations in Paragraph 61 purport to characterize a lease, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the lease, they are denied.

62.     The allegations in Paragraph 62 purport to quote and characterize a lease, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the lease, they are denied.

63.     The allegations in Paragraph 63 purport to quote and characterize a lease, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the lease, they are denied.

64.     The allegations in Paragraph 64 purport to characterize a lease, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the lease, they are denied.

65.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 65.

66.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     Federal Defendants admit the allegations in Paragraph 67.

68.     Federal Defendants admit the allegations in Paragraph 68.

69.     Federal Defendants admit the allegations in the first sentence of Paragraph 69, but deny the allegations in the second sentence.

70.     The allegations in Paragraph 70 purport to quote and characterize a statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

71.     The allegations in Paragraph 71 purport to characterize the Tribe's submission, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the submission, they are denied.

72.     The allegations in Paragraph 72 purport to characterize and quote the Tribe's submission and a statute, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the submission or statute, they are denied.

73.     The allegations in Paragraph 73 purport to characterize the Tribe's submission, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the submission, they are denied.

74.     The allegations in Paragraph 74  purport to characterize a judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

75.     The allegations in Paragraph 75 purport to quote and characterize a statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

76.     The allegations in Paragraph 76 purport to quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

77.     The allegations in Paragraph 77 purport to characterize judicial opinions, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the opinions, they are denied.

78.     Federal Defendants deny the allegations in Paragraph 78.

14

79.     Federal Defendants deny the allegations in Paragraph 79.

80.     Federal Defendants deny the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 purport to characterize prior Indian lands determinations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those determinations, they are denied.

82.     The allegations in Paragraph 82 purport to characterize the Tribe's submission, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the submission, they are denied.

83.     Federal Defendants deny the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 purport to quote and characterize a regulation, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the regulation, they are denied.

85.     Federal Defendants deny the allegations in Paragraph 85.

86.     Federal Defendants deny the allegations in Paragraph 86.

87.     Federal Defendants deny the allegations in Paragraph 87.

88.     Federal Defendants admit the allegations in Paragraph 88.

89.     Federal Defendants admit that the August 15, 2017, meeting occurred, but deny the characterization of Mr. Cason's purported statements.

90.     Federal Defendants admit that the August 15, 2017, meeting occurred, but deny the characterization of Mr. Cason's purported statements.

91.     The allegations in Paragraph 91 are vague in their identification of the employee in question and, on that basis, are denied.

92.     Federal Defendants admit that no decision was issued during calendar year 2017.  The remaining allegations are vague in their identification of the individuals making the alleged statements, and on that basis are denied.

93.     Federal Defendants admit that at least one member of the Alaska Delegation submitted comments on the Tribe's submission.

94.     The allegations in Paragraph 94 are vague in their identification of the Department staff making the purported statements, and on that basis are denied.

95.     Federal Defendants admit the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 are vague in the identification of the Department staff in question, and on that basis are denied.

97.     Federal Defendants admit the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

99.     The allegations in Paragraph 99 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

100.    Federal Defendants admit that the lease decision was a final agency action.

101.    Federal Defendants incorporate their responses to all previous allegations.

102.    The allegations in Paragraph 102 purport to quote and characterize a statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

103.    The allegations in Paragraph 103 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

104.    The allegations in Paragraph 104 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

105.   The allegations in Paragraph 105 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

106.   Federal Defendants deny the allegations in Paragraph 106.

107.   Federal Defendants deny the allegations in Paragraph 107.

108.   The allegations in Paragraph 108 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

109.   The allegations in Paragraph 109 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

110.   The allegations in the first sentence of Paragraph 110 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.  Federal Defendants deny the allegations in the second sentence.

111.   The allegations in the first sentence of Paragraph 111 purport to characterize the Department's decision, which speaks for itself and is the best

18

evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.  Federal Defendants deny the allegations in the second sentence.

112.   The allegations in the first and second sentences of Paragraph 112 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.  Federal Defendants deny the allegations in the third sentence.

113.   The allegations in the first sentence of Paragraph 113 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.  Federal Defendants deny the allegations in the second and third sentences.

114.   The allegations in the first sentence of Paragraph 114 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.  Federal Defendants deny the allegations in the second sentence.

115.   The allegations in the first sentence of Paragraph 115 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with

the decision, they are denied.  Federal Defendants deny the allegations in the second and third sentences.

116.   Federal Defendants deny the allegations in Paragraph 116.

117.   Federal Defendants incorporate their responses to all previous allegations.

118.   The allegations in Paragraph 118 are vague in their identification of the individuals making the alleged statements, and on that basis are denied.

119.   The allegations in Paragraph 119 purport to quote and characterize a statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

120.   The allegations in Paragraph 120 purport to characterize a statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

121.   Federal Defendants deny the allegations in the Paragraph 121.

122.   Federal Defendants deny the allegations in the Paragraph 122.

123.   Federal Defendants incorporate their responses to all previous allegations.

124.   The allegations in Paragraph 124 purport to characterize the Department's decision, which speaks for itself and is the best evidence of its

contents.  To the extent the allegations are inconsistent with the decision, they are denied.

125.   Federal Defendants deny the allegations in the Paragraph 125.

126.   Federal Defendants deny the allegations in the first sentence of Paragraph 126.  The allegations in the second sentence purport to characterize the Department's decision, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the decision, they are denied.

127.   Federal Defendants deny the allegations in the Paragraph 127.

The remainder of the Complaint contains Plaintiff's request for relief, which requires no response.  To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the requested relief or any relief whatsoever.

Date: December 17, 2019

JEAN E. WILLIAMS
Deputy Assistant Attorney General

 _s/ Kristofor R. Swanson_
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Envt. & Natural Resources Div.

21

U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

*Attorney for Federal Defendants*

Of Counsel:

JONATHAN DAMM
Office of the Solicitor
U.S. Department of the Interior
Washington, DC