jnu.law.ecf@alaska.gov

Lael A. Harrison
Assistant Attorney General
Alaska Bar No. 0811093
Alaska Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: 907.465.3600
Facsimile: 907.465.3019
Email: lael.harrison@alaska.gov

*Attorney for State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIVE VILLAGE OF EKLUTNA<br>26339 Eklutna Village Road<br>Chugiak, Alaska 99567,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, Secretary of the Interior; TARA SWEENEY, Assistant Secretary – Indian Affairs; JOHN TAHSUDA, Principal Deputy Assistant Secretary – Indian Affairs; JAMES CASON, Associate Deputy Secretary, United States Department of the Interior,<br>1849 C Street N.W.<br>Washington, DC 20240; and THE STATE OF ALASKA<br><br>    Defendants. | Case No. 1:19-cv-02388 |

**STATE OF ALASKA'S ANSWER TO COMPLAINT**

Defendant State of Alaska answers the complaint as follows:

1. Admitted that the list of "Indian Entities Recognized by and Eligible to Receive Services From the United States Bureau of Indian Affairs" dated February 1, 2019 includes "Eklutna Native Village." All other allegations in this paragraph are denied.

2. Admitted that Olga Ondola was granted a Native allotment approximately seven miles from the plaintiff's headquarters. All other allegations in this paragraph are denied.

3. Denied.

4. Denied for lack of knowledge.

5. Admitted that on June 18, 2018, John Tahsuda, Principal Deputy Assistant Secretary—Indian Affairs Exercising the Authority of the Assistant Secretary—Indian Affairs, issued a letter to The Honorable Aaron Leggett President, Eklutna Native Village, stating that the Ondola allotment does not constitute "Indian lands" and is therefore ineligible for gaming under IGRA and disapproving the Village's proposed lease of the allotment for gaming purposes. All other allegations in this paragraph are denied.

6. Admitted that the list of "Indian Entities Recognized by and Eligible to Receive Services From the United States Bureau of Indian Affairs" dated February 1, 2019 includes "Eklutna Native Village." All other allegations in this paragraph are denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied for lack of knowledge.

12. Denied for lack of knowledge.

13. Denied.

14. Admitted.

15. Admitted that the Dena'ina people have occupied the Upper Cook Inlet region since before 1778. All other allegations in this paragraph are denied.

16. Admitted that the plaintiff's headquarters are located about twenty-seven miles northeast of downtown Anchorage, Alaska. All other allegations in this paragraph are denied.

17. Denied for lack of knowledge.

18. Denied for lack of knowledge.

19. Denied for lack of knowledge.

20. Denied for lack of knowledge.

21. Admitted that Olga Ondola was granted a Native allotment in 1963. All other allegations in this paragraph are denied for lack of knowledge.

22. Denied for lack of knowledge.

23. This paragraph states legal argument to which no response is required.

24. This paragraph states legal argument to which no response is required.

25. Denied.

26. Denied for lack of knowledge.

27. Denied for lack of knowledge.

28. Denied.

29. Denied for lack of knowledge.

30. Denied for lack of knowledge.

31. Denied for lack of knowledge.

32. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

33. Denied that the allotment is subject to the plaintiff's authority. The remainder of this paragraph is denied for lack of knowledge.

34. Denied for lack of knowledge.

35. Denied.

36. Denied.

37. Denied that the alleged Relatives Talk Code has territorial scope. All other allegations in this paragraph are denied for lack of knowledge.

38. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

39. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

40. Denied for lack of knowledge.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

41. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

42. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

43. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

44. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

45. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

46. Denied that the plaintiff exercises jurisdiction or governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

47. Denied for lack of knowledge.

48. Denied for lack of knowledge.

49. Denied for lack of knowledge.

50. Denied for lack of knowledge.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

51. Denied for lack of knowledge.

52. Denied for lack of knowledge.

53. Denied for lack of knowledge.

54. Denied for lack of knowledge.

55. Denied that the plaintiff has tribal lands or exercises governmental authority over tribal lands. All other allegations in this paragraph are denied for lack of knowledge.

56. Denied that the plaintiff has tribal lands or exercises governmental authority over tribal lands. All other allegations in this paragraph are denied for lack of knowledge.

57. Denied that the plaintiff's Gaming Ordinance has territorial "scope." Denied that the plaintiff has jurisdiction or exercises governmental power over the Ondola allotment, or that the Ondola allotment is the "Tribe's lands." All other allegations in this paragraph are denied for lack of knowledge.

58. Denied for lack of knowledge.

59. Denied for lack of knowledge.

60. Denied for lack of knowledge.

61. Denied for lack of knowledge.

62. Denied that the plaintiff exercises governmental authority over the Ondola allotment. The contents of the alleged lease are denied for lack of knowledge.

63. Denied that the plaintiff has jurisdiction over the Ondola allotment. The contents of the alleged lease are denied for lack of knowledge.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

64. Denied that the plaintiff has authority to exercise governmental power over the Ondola allotment. The contents of the alleged lease are denied for lack of knowledge.

65. Denied that the plaintiff has jurisdiction or exercises governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

66. Denied that the plaintiff has jurisdiction or exercises governmental power over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

67. Denied for lack of knowledge.

68. Denied for lack of knowledge.

69. Denied that the plaintiff established facts and law necessary to support an affirmative Indian lands determination pursuant to IGRA. All other allegations in this paragraph are denied for lack of knowledge.

70. The text of 25 U.S.C. § 2703(4)(B) speaks for itself.

71. Admitted that the list of "Indian Entities Recognized by and Eligible to Receive Services From the United States Bureau of Indian Affairs" dated February 1, 2019 includes "Eklutna Native Village." All other allegations in this paragraph are denied for lack of knowledge, or state legal argument to which no response is required.

72. Admitted that Olga Ondola received a Native allotment in 1963. All other allegations in this paragraph are denied for lack of knowledge.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

73. Denied that the Tribe exercises control over the Ondola allotment. All other allegations in this paragraph are denied for lack of knowledge.

74. This paragraph states legal argument to which no response is required.

75. The text of the statute speaks for itself.

76. This paragraph states legal argument to which no response is required.

77. This paragraph states legal argument to which no response is required.

78. This paragraph states legal argument to which no response is required.

79. Denied.

80. Denied.

81. This paragraph states legal argument to which no response is required.

82. The text of Sol. Gen. Op. M-36975 speaks for itself. The allegation that the opinion is "no longer good law" is legal argument to which no response is required. The content of the alleged submission is denied for lack of knowledge.

83. This paragraph states legal argument to which no response is required.

84. This paragraph states legal argument to which no response is required.

85. This paragraph states legal argument to which no response is required. The content of the alleged submission is denied for lack of knowledge.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

86. Denied that the plaintiff exercises authority over the Ondola allotment. The content of the alleged submission is denied for lack of knowledge. The remainder of the paragraph states legal argument to which no response is required.

87. Denied.

88. Denied for lack of knowledge.

89. Denied for lack of knowledge.

90. Denied for lack of knowledge.

91. Denied for lack of knowledge.

92. Denied for lack of knowledge.

93. Denied for lack of knowledge.

94. Denied for lack of knowledge.

95. Denied for lack of knowledge.

96. Denied for lack of knowledge.

97. Admitted.

98. The decision speaks for itself.

99. The decision speaks for itself.

100. Admitted.

101. The State of Alaska incorporates all previous allegations of fact and law into this Answer to this Cause of Action as if set forth in full herein.

102. The text of 25 U.S.C. § 2703(4) speaks for itself.

103. The Decision speaks for itself.

104. The Decision speaks for itself.

105. The Decision speaks for itself.

106. This paragraph states legal argument to which no response is required.

107. This paragraph states legal argument to which no response is required.

108. The Decision speaks for itself.

109. The Decision speaks for itself.

110. The Decision speaks for itself. Denied that the plaintiff exercises jurisdiction over the Ondola allotment.

111. The Decision speaks for itself. The remainder of this paragraph is legal argument to which no response is required.

112. The Decision speaks for itself. The remainder of this paragraph is legal argument to which no response is required.

113. The Decision speaks for itself. Denied that the plaintiff exercises authority and jurisdiction over the Ondola allotment in any way. The remainder of this paragraph is legal argument to which no response is required.

114. The Decision speaks for itself. Denied that the plaintiff has documentation of decades-long exercise of authority over the Ondola allotment, of any kind. The remainder of this paragraph is legal argument to which no response is required.

115. The Decision speaks for itself. Denied that the plaintiff has authority or jurisdiction over the Ondola allotment. The remainder of this paragraph is legal argument to which no response is required.

116. Denied that the plaintiff is entitled to a judgment holding unlawful and setting aside the Decision. The remainder of this paragraph is legal argument to which no response is required.

117. The State of Alaska re-answers all previous allegations of law and fact as if set forth in full herein.

118. Denied for lack of knowledge.

119. This paragraph states legal argument to which no response is required.

120. This paragraph states legal argument to which no response is required.

121. Denied for lack of knowledge.

122. Denied that the plaintiff is entitled to a judgment holding unlawful and setting aside the Decision. The remainder of this paragraph is legal argument to which no response is required.

123. The State of Alaska re-answers all previous allegations of law and fact as if set forth in full herein.

124. The Decision speaks for itself.

125. Denied.

126. The Decision speaks for itself. The remainder of this paragraph is legal argument to which no response is required.

127. Denied.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

DATED: December 31, 2019.

        KEVIN G. CLARKSON
        ATTORNEY GENERAL

By:   /s/ Lael A. Harrison
      Lael A. Harrison
      Assistant Attorney General
      Alaska Bar No. 0811093
      Alaska Department of Law
      PO Box 110300
      Juneau, AK 99811-0300
      Telephone: 907.465.3600
      Facsimile: 907.465.3019
      Email: lael.harrison@alaska.gov

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

*Native Village of Eklutna v. U.S. Dep't. of Interior et al.*   Case No. 1:19-cv-02388
SOA'S ANSWER TO COMPLAINT   Page 12 of 12