

# United States Department of the Interior

OFFICE OF THE SOLICITOR

In reply, please address to:
Main Interior, Room 6456

Michael D. Cox, General Counsel
National Indian Gaming Commission
1850 M Street, N.W., Suite 250
Washington, D.C.  20036

Dear Mr. Cox:

On January 12, 1995, your office requested an opinion as to whether lands held by the Akiachak Native Community (ANC) fall within the definition of "Indian lands" in the Indian Gaming Regulatory Act (IGRA). For the reasons set forth below, we cannot conclude that the lands at issue are "Indian lands" for purposes of IGRA.

The IGRA defines Indian lands as including "any lands title to which is either held in trust by the United States for the benefit of any Indian tribe or individual or held by any Indian tribe or individual subject to restriction by the United States against alienation and over which an Indian tribe exercises governmental power." 25 U.S.C. § 2703(4)(b). The NIGC regulations have further clarified the definition by providing that:

> Indian lands means
>
> (a) Land within the limits of an Indian reservation; or
>
> (b) Land over which an Indian tribe exercises governmental power and that is either--
>
>   (1) Held in trust by the United States for the benefit of any Indian tribe or individual; or
>
>   (2) Held by an Indian tribe or individual subject to restriction by the United States against alienation.

25 C.F.R. § 502.12 (Emphasis added).

It is clear that Akiachak is an Indian tribe, as evidenced by its inclusion on the list of tribal entities recognized and eligible for funding and services from the Bureau of Indian Affairs by virtue of their status as Indian tribes. 60 Fed. Reg. 9250 (1995). The Tribe is organized pursuant to section 16 of the Indian

Exhibit H, Page 1 of 3

Reorganization Act, 25 U.S.C. § 476.

The land which Akiachak intends to use for gaming purposes is described as Lot ten (10), of Block Eight (8), Tract "A" as shown on the official plat of U.S. Survey 4479, Alaska, Townsite of Akiachak, as accepted by the Chief, Division of Cadastral Survey, for the Director on February 16, 1971, and located within the Bethel Recording District." See Trustee Deed between Gail Ozmina, trustee and the Townsite of Akiachak (March 20, 1990)(on file with your office). The land is owned in fee simple by the tribe which was conveyed to the tribe by the townsite trustee. See Letter from Bertram Hirsch, Esq., to Harold Monteau, Chairman, National Indian Gaming Commission (December 28, 1994)(on file with your office).[1] Because Akiachak is organized under the IRA, the land is likely subject to a restriction on alienation pursuant to section 16. In re 1981, 1982, 1983, 1984 & 1985 Delinquent Property Taxes Owed, 780 P.2d 363, (Alaska 1989)(holding that § 16 of the Indian Reorganization Act, 25 U.S.C. §§ 461 et seq., barred foreclosure proceedings against land held by an IRA tribe).

We are not convinced, however, that Akiachak exercises governmental power over the land. Solicitor's Opinion, M-36975 (January 11, 1993) noted that:

> With respect to these non-ANCSA lands, we believe the extent of village governmental powers will depend upon the particular status of the village itself and upon a fact-specific inquiry into whether the area at issue qualifies as a dependent Indian community and thus Indian country. Congress simply did not address this specific situation in ANCSA. The outcome would depend upon the particular history of the village, specific applicable statutes, and general principles of Indian law.

As this Opinion notes, that inquiry is extremely fact-specific. We note that the issue of the existence of dependent Indian communities in Alaska is presently in litigation in Alaska v. Native Village of Venetie Tribal Government, No. F87-0051 (HRH)(D. Alaska); Alyeska v. Kluti-Kaah Native Village of Copper Center, No. A87-201 (HRH)(D. Alaska). Those cases, which have been briefed and argued, involved five and three day bench trials in late 1993 and January of 1994 respectively. They were also preceded by extensive summary judgment proceedings that took place over a period of years and developed comprehensive factual records. That the district

---

[1] The Tribe's ordinance does not identify the particular tract of land upon which gaming would take place, but counsel for the Tribe has represented that the gaming would take place on lot 10. In any event, our decision respecting the Tribe's governmental power does not hinge on the nature of the title to any particular tract of land in the Village.

2

court has not yet rendered its decision indicates the complex nature of the law in the area and the need for careful examination of a fully developed factual record. See Alaska v. Native Village of Venetie Tribal Government, 856 F.2d 1384, 1391 (9th Cir. 1988). The Department does not have such a record before it and we expect further guidance from the court in the foregoing cases, which are ripe for decision.

Based on the current state of the law and the information before us, we cannot conclude that the land in question is "Indian land" as defined by IGRA. If you have further questions, please contact Troy Woodward of my staff.

Sincerely,

Scott Keep
Assistant Solicitor
Branch of Tribal Government and Alaska
Division of Indian Affairs

3