IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Native Village of Eklutna**,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>**U.S. Department of the Interior**, et al.,<br><br>　　　　Defendants,<br><br>　and<br><br>**State of Alaska**,<br><br>　　　　Prospective Intervenor. | Case No. 1:19-cv-02388-DLF<br><br>**Federal Defendants' Response to State of Alaska's Motion to Intervene (ECF No. 19)** |

　　　　Federal Defendants do not oppose the State of Alaska's intervention. This case involves a Department of the Interior decision determining that a piece of land ("the Allotment") does not constitute "Indian lands" under the Indian Regulatory Gaming Act and denying a proposed lease between the Native Village of Eklutna and the owners of the Allotment. The Village has challenged that decision as arbitrary and capricious under the

1

Administrative Procedure Act.  *See* Compl. ¶¶ 101–127, ECF No. 1.  As relief, the Village has requested: (1) a declaratory judgment "that the Allotment constitutes 'Indian lands' within the meaning of 25 U.S.C. § 2703(4);" and (2) injunctive relief that requires the Department to approve the proposed lease.  *Id.* at 26 (Prayer for Relief).  Federal Defendants maintain that neither of those remedies would be appropriate, even if the Village were to succeed on the merits.  The first asks the Court to adjudicate the Village's application.  But Congress left that responsibility to the Department of the Interior.  *See* 25 U.S.C. § 415(a).  The second is relief in the form of mandamus, which would be inappropriate under the circumstances.  *See Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002) (mandamus only available where clear, undisputable duty to take action in question and no other adequate remedy available).  Instead of the relief the Village seeks, the proper remedy (should the Village prevail) would be vacatur of the decision and remand to the Department for further consideration.  *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985).  Vacatur and remand would not impede or impair the State's asserted interests because they would not, without further action from the Department of the Interior, result in the Allotment being declared "Indian lands" or in approval of the lease.  Nonetheless, though we think it inappropriate, we acknowledge that the Village has sought more expansive relief and—absent a clarification from the Village in its response to

2

the State's motion—we therefore agree that the State has made the necessary showing under Federal Rule of Civil Procedure 24 and Article III.

Date: January 9, 2020

                                             JEAN E. WILLIAMS
                                             Deputy Assistant Attorney General

                                             *s/ Kristofor R. Swanson*
                                             KRISTOFOR R. SWANSON
                                             Natural Resources Section
                                             Envt. & Natural Resources Div.
                                             U.S. Department of Justice
                                             P.O. Box 7611
                                             Washington, DC 20044-7611
                                             Tel: (202) 305-0248
                                             Fax: (202) 305-0506
                                             kristofor.swanson@usdoj.gov

## Certificate of Service

     I hereby certify that on January 9, 2020, I filed the above pleading with the Court's electronic filing system, which caused a copy to be served on counsel of record.

                                             *s/ Kristofor R. Swanson*
                                             Kristofor R. Swanson