IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Native Village of Eklutna**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. Department of the Interior**, et al., <br><br> Defendants, <br><br> and <br><br> **State of Alaska**, <br><br> Defendant-Intervenor. | Case No. 1:19-cv-02388-DLF <br><br> **Federal Defendants' Response to Alaska Charitable Gaming Association's Motion to Intervene (ECF No. 32)** |

Federal Defendants, for the same reasons stated in response to the State of Alaska's motion to intervene, do not oppose intervention by the Alaska Charitable Gaming Association as a defendant on Plaintiff Native Village of Eklutna's present claims. *See* Fed. Defs.' Resp., ECF No. 21. Federal Defendants maintain that the proper remedy in this Administrative Procedure Act case (should Plaintiff prevail) would be remand of the

1

challenged agency decision to the Department of the Interior for further consideration. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). That remedy would not impair the competition-based interests of the Gaming Association's members because it would not, without further action from the Department of the Interior on remand, authorize gaming on the land in question. We recognize, however, that the Village has requested relief that (if granted) could arguably constitute steps toward authorized gaming: (1) a declaratory judgment "that the Allotment constitutes 'Indian lands' within the meaning of [the Indian Gaming Regulatory Act,] 25 U.S.C. § 2703(4);" and (2) injunctive relief that requires the Department of the Interior to approve the proposed lease. Compl. at 26, ECF No. 1 (Prayer for Relief). While we believe these would be improper remedies, we recognize that the Village's request for them implicates the stated interests of the Gaming Association's members.

The Gaming Association, however, is incorrect in asserting that it should be allowed to intervene (for reasons of inadequate representation) to present alternative grounds on which the Department of the Interior could have—or, in the Gaming Association's view, should have—denied the Village's application. *See* AGCA Mem. in Supp. 7, 21, 28–29 (in support of intervention as of right), ECF No. 32; *id.* at 29–30 (in support of permissive intervention). That intervention would expand this lawsuit beyond the

present claims. Under the Administrative Procedure Act, the Court's review of the Department's decision is limited to the Department's stated reasons. *See Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council*, 435 U.S. 519, 549 (1978) ("[W]hen there is a contemporaneous explanation of the agency decision, the validity of that action must 'stand or fall on the propriety of that finding, judged, of course, by the appropriate standard of review.'" (citation omitted)). Contrary to what the Gaming Association seems to believe, it is *judicial review* that is limited to the decision document and the supporting administrative record, not simply Federal Defendants' arguments. *See Fla. Power & Light,* 470 U.S. at 743 ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *contra* AGCA Mem. in Supp. at 11. The Court will not be reviewing the Village's application de novo such that it could consider alternative grounds on which the application could be granted or denied.[1] *See Camp v. Pitts*, 411 U.S. 138, 141–42 (1973). Similarly, the Gaming Association does not have standing to intervene to independently challenge the bases for the Department's decision; the decision—which denied the Village's application—did nothing to harm the

---

[1] The Association's only support for its apparent intervention theory is a Ninth Circuit case that did not involve claims under the Administrative Procedure Act. *See* ACGA Mem. at 11 (citing *Blake v. Pallan*, 554 F.2d 947, 954–55 (9th Cir. 1977)).

Gaming Association's interests or those of its members. *See In re Endangered Species Act Section 4 Deadline Litigation*, 270 F.R.D. 1, 4–6 (D.D.C. 2010). If a desire to present alternative grounds on the merits is the sole reason that the Gaming Association seeks to intervene, the motion should be denied.

Finally, should the Court grant intervention, Federal Defendants agree that the Association's filing deadlines for cross-motions for summary judgment should generally coincide with those for the State of Alaska. To avoid duplicative arguments, however, the Court may want to consider staggering the Association's and the State's filings such that the former has a certain number of days within which to review the State's and Federal Defendants' papers and remove any repetitive points from its own pleadings.

Date: June 15, 2020

PRERAK SHAH
Deputy Assistant Attorney General

 *s/ Kristofor R. Swanson*
KRISTOFOR R. SWANSON
Natural Resources Section
Envt. & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov