UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIVE VILLAGE OF EKLUTNA,<br><br>       Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>       Defendants,<br><br>   and<br><br>STATE OF ALASKA,<br><br>       Defendant-Intervenor. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 1:19-cv-02388-DLF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF AARON LEGGETT IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO TAKE EXTRA-RECORD DISCOVERY AND COMPEL PRODUCTION**

I, Aaron Leggett, declare pursuant to 28 U.S.C. § 1746 that:

1. I am over the age of 21 years and am competent to testify about the matters stated herein. I know the facts stated in this declaration on my personal knowledge, and they are true to the best of my knowledge, information, and belief.

2. I currently serve as President of the Native Village of Eklutna ("the Tribe"), a federally recognized Indian tribe and the plaintiff in this action. I was elected President on January 27, 2018, and have served in that position since that date.

3. Prior to my election as President, I served as Treasurer of the Native Village of Eklutna Tribal Council starting in 2007.

4. In my roles as Treasurer and President, I have been involved with the Tribe's proposed economic development project since 2007.

5. During the time when the Department of the Interior ("Department") was considering the Tribe's request for an Indian lands determination, I attended several meetings between tribal representatives and Department employees to discuss the Tribe's request.

6. On or about May 7, 2018, I participated in a meeting with tribal representatives, staff from the National Indian Gaming Commission ("NIGC"), and Defendant Tahsuda. At this meeting Mr. Tahsuda stated that the Department still needed more time to review the Tribe's request. At this meeting, I submitted the Tribe's site-specific gaming ordinance to the NIGC representatives who were present.

7. On or about May 8, 2018, I participated in a meeting with Richard Farber, Tribal Administrator for the Native Village of Eklutna and Senator Murkowski and her staff. During this meeting, I recall that Senator Murkowski said she personally and morally could not support the Tribe's proposed project because she was afraid it would "change" the Alaska Native people.

8. On the afternoon of Friday, June 15, 2018 (Alaska Daylight Time), I received a phone call from the Solicitor's Office. The Solicitor's Office told me that they had reached a decision on the Tribe's request but could not yet notify us of the decision. The Solicitor's Office asked to schedule a phone call with the Tribe the following Monday, June 18, 2018, to discuss the decision.

9. On the morning of June 18, 2018 (Alaska Daylight Time), approximately 10 minutes before the agreed-upon time for our phone call with the Solicitor's Office, the Department emailed us a copy of its written decision on the Tribe's request. The decision was a negative Indian lands determination.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2020.

_____
Aaron Leggett