UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIVE VILLAGE OF EKLUTNA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>THE INTERIOR, *et al.*, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>STATE OF ALASKA, )<br>)<br>Defendant-Intervenor. )<br>) | Case No. 1:19-cv-02388-DLF |

### DECLARATION OF COLIN C. HAMPSON

I, Colin C. Hampson, do hereby declare pursuant to 28 U.S.C. § 1746 that:

1.  I am over the age of 21 years and am competent to testify about the matters stated herein. I know the facts stated in this declaration on my personal knowledge, and they are true to the best of my knowledge, information, and belief.

2.  I am a partner in the law firm of Sonosky, Chambers, Sachse, Endreson & Perry, LLP.

3.  I attach as Attachment 1 a true and correct copy of the letter sent from Colin Hampson and Whitney Leonard to Kristofor Swanson dated March 12, 2020.

I declare under penalty of perjury that the foregoing is true and correct.

DATED June 26, 2020.

_____
Colin C. Hampson

# LAW OFFICES
## SONOSKY, CHAMBERS, SACHSE, ENDRESON & PERRY, LLP

145 WILLOW STREET, SUITE 200
BONITA, CALIFORNIA 91902-1349
TEL (619) 267-1306 | FAX (619) 267-1388
WWW.SONOSKY.COM

MARVIN J. SONOSKY (1909-1997)
ARTHUR LAZARUS, JR. (1926-2019)
REID PEYTON CHAMBERS (DC)*
WILLIAM R. PERRY (RET.)
LLOYD BENTON MILLER (AK)*
DOUGLAS B. L. ENDRESON (DC)*
DONALD J. SIMON (DC)*
MARY J. PAVEL (DC)*
DAVID C. MIELKE (NM)*
GARY F. BROWNELL (NM)*
COLIN C. HAMPSON (CA)
RICHARD D. MONKMAN (AK)*
MATTHEW S. JAFFE (DC)*
VANESSA L. RAY-HODGE (NM)*
FRANK S. HOLLEMAN (DC)*
REBECCA A. PATTERSON (AK)*
KENDRI M. M. CESAR (AK)*
MATTHEW L. MURDOCK (DC)*
WHITNEY A. LEONARD (AK)*
NATHANIEL AMDUR-CLARK (AK, DC)*
VANESSA A. RACEHORSE (CA)
K. AMANDA SAUNDERS (CA)

OF COUNSEL
HARRY R. SACHSE (DC)*
MYRA M. MUNSON (AK)*
ANNE D. NOTO (DC)*
JAMES E. GLAZE (CA)
ROGER W. DUBROCK (AK)*
KAY E. MAASSEN GOUWENS (AK)*

*NOT ADMITTED IN CA

WASHINGTON, DC OFFICE
1425 K STREET, N.W., SUITE 600
WASHINGTON, DC 20005
(202) 682-0240
FAX (202) 682-0249
_____

ANCHORAGE, AK OFFICE
725 EAST FIREWEED, SUITE 420
ANCHORAGE, AK 99503
(907) 258-6377
FAX (907) 272-8332
_____

JUNEAU, AK OFFICE
302 GOLD STREET, SUITE 201
JUNEAU, AK 99801
(907) 586-5880
FAX (907) 586-5883
_____

ALBUQUERQUE, NM OFFICE
500 MARQUETTE AVE., N.W., SUITE 660
ALBUQUERQUE, NM 87102
(505) 247-0147
FAX (505) 843-6912

March 12, 2020

BY E-MAIL

Kristofor R. Swanson, Esq.
Natural Resources Section
Env't & Natural Resources Div.
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
kristofor.swanson@usdoj.gov

      Re:    Administrative Record in *Native Village of Eklutna v. United States Department of Interior*, 1:19-cv-02388-DLF

Mr. Swanson,

    We write to raise a number of concerns with the administrative record that we hope can be resolved through discussions between the parties.  The initial administrative record produced by the Department of the Interior, filed on February 14, 2020, appears facially deficient, with significant gaps that strongly suggest the Department has not produced the full administrative record as required by *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 419-20 (1971) (quoting 5 U.S.C. § 706), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).  It is our hope that by raising these issues at an early stage, it will give you an opportunity to discuss these concerns with the Department, and will give the Department a

chance to complete the administrative record without having to engage in litigation over the issue.

Based on our initial review of the administrative record, the following are some of the readily apparent gaps we have identified:

1. There are *no* materials in the record during the six-month period leading up to the issuance of the Department's decision on June 18, 2018. *See* AR 2122. Prior to that date, the last item in the record is an email from the Tribe's counsel (Mr. Hampson) to the Department on December 20, 2017, responding to a number of questions from the Department. *See* AR 2114. It is difficult to imagine that there were no emails, memoranda, or other communications produced during the period when the Department was finalizing its decision. The absence of any record materials during that period strongly suggests that the Department has erroneously withheld materials from the record.[1]

2. The record contains documents referencing certain meetings involving Department staff or officials, but in many cases it omits any direct documentation of these meetings or correspondence surrounding them. For instance:

    a. James Cason met with representatives of the Alaska Delegation and State of Alaska political officials on April 4, 2018, as alleged in the Tribe's Complaint and admitted in the Federal Defendants' Answer at paragraph 95. Yet the record contains no documents or correspondence whatsoever regarding this meeting. The omission of any documents regarding this meeting is a clear gap in the administrative record, particularly given that meetings with political officials are directly relevant to the Tribe's allegations of political influence (Plaintiff's Second Cause of Action).

    b. Similarly, representatives from the Tribe met with James Cason on August 15, 2017, as admitted in the Federal Defendants' Answer at paragraph 89. The record contains several emails from the Tribe leading up to this meeting, *e.g.*, AR 2062, 2065, 2068, but it contains no other documentation or departmental correspondence relating to that meeting. Again, it is highly unlikely that no such documents exist, and it appears the Department erroneously excluded them from the record.

    c. The record contains an email from a Department official dated Wednesday, December 13, 2017, referencing a call with Tribal representatives on the

---

[1] *Cf.* Transcript of Oral Argument at 80-81, *New York v. U.S. Dep't of Commerce*, No. 1:18-cv-02921-JMF (S.D.N.Y. July 3, 2018), ECF No. 205 (Order from the bench, noting "the absence of virtually any documents" during a particular timeframe "was hard to fathom"), *aff'd*, 139 S. Ct. 2551 (2019).

    preceding Monday, AR 2111, but the record contains no direct documentation or any internal communication regarding this call.

  d. The Tribe met with Departmental officials on multiple other occasions, including on June 29, 2016, and May 7, 2018, but the record contains no documentation or communications regarding these meetings.

3. A number of documents that are directly referenced in the Department's decision are not included in the administrative record. (The Solicitor's Office transmitted a number of these documents to counsel for the Tribe by email dated September 4, 2018. That email is attached here for your reference.)

  These significant omissions suggest that there may be other omissions and other materials that are properly part of the administrative record but were not included by the Department. The vast majority of the record produced by the Department is simply the Tribe's own submissions, *e.g.*, AR 62-741, 774-1238, 1244-55, 1405-1898, 2005-31, 2051-61, and many of the other documents are correspondence between the Tribe's representatives and the Department. The record contains very few documents from the Department itself or other documents the Department relied on (including but not limited to those that are directly referenced in the decision, as noted above).

  As you are aware, "[i]t is the agency's responsibility to compile for the court all information it considered either directly or indirectly," and "[i]f an agency did not include materials that were part of its record, whether by design or accident, then supplementation is appropriate." *Marcum v. Salazar*, 751 F. Supp. 2d 74, 78 (D.D.C. 2010) (citations omitted); *see also Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2574 (2019) (upholding district court's order compelling agency to complete administrative record).

  In light of the identified gaps in the record—and given the Department's legal duty to produce a full administrative record—the Tribe believes the Department has a responsibility to supplement the existing record with any and all relevant documents that have not yet been included in the record. This includes documents addressing the gaps noted above and also any other relevant documents or communication that the Department has not yet produced. To the extent that the Department asserts that any of the omitted documents may be withheld on the basis of privilege, the Tribe requests that the Department provide a privilege log identifying the documents that it seeks to withhold on this basis.[2]

---

[2] Column F of the spreadsheet listing documents in the administrative record is labeled "Privilege," but it includes only one reference to an attorney-client communication and four references to redactions of personally-identifiable information. It is highly unlikely that the Department holds only one document related to the decision that includes attorney-client communications. Furthermore, the deliberative process privilege does not apply in "circumstances in which the cause of action is directed at the agency's subjective motivation," *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 156 F.3d 1279, 1280

      We respectfully request that you raise this matter with the Department, and it is our hope that the Department will fulfill its duty to produce a complete administrative record without the need for litigation on this issue. We further request that you advise us by March 27, 2020 whether the Department will supplement the record, and that any supplemental documents be produced no later than April 13, 2020. We are available to discuss the issue at your convenience.

                    Sincerely,

                    */s/ Colin Cloud Hampson*

                    Colin C. Hampson
                    Whitney A. Leonard

Enclosures

cc (by e-mail, w/encls.):      Lael A. Harrison, Esq.
                                Laura Wolff, Esq.

(D.C. Cir. 1998), which includes the Tribe's Second Cause of Action relating to improper political considerations, *see Stand up for California! v. U.S. Dep't of Interior*, 315 F. Supp. 3d 289, 296-98 (D.D.C. 2018) (ordering production of a privilege log on this basis).