# ACGA EXHIBIT I

# SONOSKY, CHAMBERS, SACHSE, MILLER, MUNSON & CLOCKSIN
## 900 West Fifth Avenue, Suite 700
## Anchorage, Alaska  99501
## FACSIMILE:  (907)272-8332

## TELEFAX COVER PAGE

**DATE:** September ~~15~~ 30, 1993          **CLIENT NO.:** 808.00

### PLEASE DELIVER THE FOLLOWING PAGES TO:

**Name:** John D. Treise, Deputy Associate Solicitor - Indian

**Firm:** Office of the Solicitor, U.S. Dept. of the Interior

**Fax No.:** 202-219-1791

**From:** Lloyd B. Miller

**Re:** Alaska list

Number of pages (including cover): _____. If you do not receive all the pages, please call ~~~~~ as soon as possible at: (907)258-6377. Thank you.

### DOCUMENT(S) BEING TRANSMITTED

John, I think the redraft is excellent, and I am glad the NARF submission we all worked on was helpful. I have proposed a sentence **MESSAGE** for page 3, and made a comment on page 5, a correction on page 6, and joined in Bob's correction on page 7. I look forward to seeing your final (if possible) and to seeing the list itself at your earliest convenience.

**NOTICE**

This transmission is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify this firm immediately by collect call to (907) 258-6377, and send the original transmission to us by return mail at the above address.

ATTACHMENT  H

4310-02

DEPARTMENT OF THE INTERIOR

Bureau of Indian Affairs

INDIAN ENTITIES RECOGNIZED AND ELIGIBLE TO RECEIVE SERVICES FROM THE

UNITED STATES BUREAU OF INDIAN AFFAIRS

AGENCY: Bureau of Indian Affairs

ACTION: Notice.

SUMMARY: Notice is hereby given of the revision and update of the list of entities recognized

and eligible for funding and services from the Bureau of Indian Affairs is published pursuant to 25

C.F.R. Part 83.

FOR FURTHER INFORMATION CONTACT: Bureau of Indian Affairs, Division of Tribal

Government Services, 1849 C Street, N.W., Washington, D.C. 20240. Telephone number: (202)

208-7445.

SUPPLEMENTARY INFORMATION: This notice is published in exercise of authority delegated

to the Assistant Secretary - Indian Affairs under 25 U.S.C. §§ 2 and 9 and 209 DM 8.

In 1978 the Department of the Interior adopted regulations setting out "Procedures for

Establishing That An American Indian Group Exists As An Indian Tribe." 43 Fed. Reg. 39361

(Sept. 5, 1978). The regulations "establish a departmental procedure and policy for

1

9309 4:00 PM

acknowledging that certain American Indian tribes exist. Such acknowledgment of tribal existence by the Department is a prerequisite to the protection, services, and benefits from the Federal Government available to Indian tribes. Such acknowledgment shall also mean that the tribe is entitled to the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their status as Indian tribes as well as the responsibilities and obligations of such tribes. Acknowledgment shall subject the Indian tribe to the same authority of Congress and the United States to which other federally acknowledged tribes are subjected." 25 C.F.R. § 83.2

Under the procedures, groups not recognized as tribes by the Federal government may apply for Federal acknowledgement. Tribes, bands, pueblos or communities already acknowledged as such and receiving services from the Bureau of Indian Affairs were not required to seek acknowledgement anew. 25 C.F.R. § 83.3(a), (b). To assist groups in determining whether they were required to apply, the procedures provided for the publication within 90 days of a list of "all Indian tribes which are recognized and receiving services from the Bureau of Indian Affairs." 25 C.F.R. § 83.6(b). This list is to be updated annually. Ibid.

The first list of acknowledged tribes was published in 1979. 44 Fed. Reg. 7325 (Feb. 9, 1979). The list used the term "entities" in the preamble and elsewhere to refer to and include all the various anthropological organizations, such as bands, pueblos and villages, acknowledged by the Federal government to constitute tribes with a government-to-government relationship with the United States. A footnote defined "entities" to include "Indian tribes, bands, villages, groups and pueblos as well as Eskimos and Aleuts." 44 Fed. Reg. at 7325, fn. *.

The 1979 list did not, however, contain the names of any Alaska Native entities. The preamble stated that "[t]he list of eligible Alaskan entities will be published at a later date." 44 Fed. Reg. at 7235.

In 1982 the Department added to the list of tribal entities in the contiguous 48 states a "preliminary list" of Alaska Native entities under the heading "Alaska Native Entities Recognized and Eligible to Receive Services From the United States Bureau of Indian Affairs". 47 Fed. Reg. 53133 (Nov. 24, 1982). The preamble to this list stated:

> [U]nique circumstances have made eligible additional entities in Alaska which are not historical tribes. Such circumstances have resulted in multiple, overlapping eligibility of Native entities in Alaska. To alleviate any confusion which might arise from publication of a multiple eligibility listing, the following preliminary list shows those entities to which the Bureau of Indian Affairs gives priority for purposes of funding and services.

47 Fed. Reg at 53133-53134. *pursuant to*

The "multiple eligibility" *caused by* "unique circumstances" referred to the eligib of village and regional corporations established under the Alaska Native Claims Settle ~~[Revised paragraph to the general effect that the 1982 preamble and list intended~~ Act of 1971 to participate in certain programs as if they were "tribes" pursuant to: ~~to distinguish between tribes, which are governments and were listed, and~~ legislation as the Indian Self-Determination and Education Assistance Act of 19 ~~ANCSA corporations, which are not governments and which were not listed.]~~ 1982 preamble was thus intended to distinguish such the list Tribal government from the ANCSA village and regional corporations which, though eligible to partic various federal programs, clearly are not governments.

The 1982 preamble, nonetheless, caused confusion as to the Department's intent. See, e.g., Board of Equalization v. Alaska Native Brotherhood 666 P.2d 1015, 1024, fn. 1 (Alaska 1983) (concurring opinion). A number of Alaska Native organizations complained that the preamble was ambiguous and cast doubt on the tribal status of Alaska Native villages and regional tribes. The statement was dropped from the subsequent lists published in 1983, 48 Fed. Reg. 56862 (Dec. 23, 1983); 1985, 50 Fed. Reg. 6058 (Feb. 13, 1985); and 1986, 51 Fed. Reg. 25118 (July 10, 1986). However, this deletion did not eliminate lingering uncertainties over whether inclusion on, or exclusion from, the Alaska Native entities list constituted an official determination of the United States government as to the tribal status of Native entities. In addition, in 1986, a number of Alaska Native entities complained that they had been wrongly omitted from the lists published between 1982 and 1986.

3

In 1988, as part of the annual publication required by 25 C.F.R. § 83.6(b), the Department published a new list of Alaska entities. The 1988 list departed from the previous lists in a number of respects. Rather than being limited to traditional Native governments and governments reorganized under Federal law, as were the prior lists, the 1988 list was expanded to include nine categories of Alaska entities, including the state-chartered regional, village and urban corporations established pursuant to ANCSA. The number of listed entities thus more than doubled, to over ____. The preamble to the list stated that the revised list responded to a "demand by the Bureau and other federal agencies ... for a list of organizations which are eligible for their funding and services based on their inclusion in categories frequently mentioned in statutes concerning federal programs for Indians." 53 Fed.Reg. at 52832.

The inclusion of non-tribal entities on the 1988 Alaska entities list departed from the intent of 25 C.F.R. § 83.6(b) and created a discontinuity from the list of tribal entities in the contiguous 48 states, which was republished as part of the same Federal Register notice. As in Alaska, Indian entities in the contiguous 48 states other than recognized tribes are frequently eligible to participate in Federal programs under specific statutes. For example, "tribal organizations" associated with recognized tribes, but not themselves tribes, are eligible for contracts and grants under the Indian Self-Determination Act. 25 U.S.C. §§ 450b(c), 450f, 450g. Unlike the Alaska entities list, the 1988 entities list for the contiguous 48 states was not expanded to include such entities.

Even more significantly, the change to the Alaska entities list compounded, rather than resolved, the question of the status of Alaska tribes raised by prior lists. First, the list did not distinguish between entities listed on the basis of their status as tribes and non-tribal entities listed because of their eligibility to participate in Federal programs under specific statutes. Second, it omitted the language on some of the earlier lists which described the listed Indian groups as "Indian tribal

4

entities which are recognized as having a special relationship with the United States" and instead included language applicable only to Alaska stating that

> inclusion on a list of entities already receiving and eligible for Bureau funding does not constitute a determination that the entity either would or would not qualify for Federal Acknowledgment under the regulations, but only that no such effort is necessary to preserve eligibility.  Furthermore, inclusion on or exclusion from this list of any entity should not be construed to be a determination by this Department as to the extent of the powers and authority of that entity.

53 Fed. Reg. at 52832.  Finally, the 1988 list further confused the status of a number of specific entities by using names for some villages that were different from the names of these villages used by the Native traditional councils.

These changes in the 1988 publication have raised a number of questions with respect to the Department's intent and the effect of the 1988 list.  The omission in the preamble of all references acknowledging the tribal status of the listed villages, and the inclusion of ANCSA corporations, which lack tribal status in a political sense, called into question the status of all the listed entities. Numerous Native villages, regional tribes and other Native organizations objected to the 1988 list on the ground that it failed to distinguish between Native corporations and Native tribes and failed to unequivocally recognize the tribal status of the listed villages and regional tribes.

In January 1993 the Solicitor of the Department of the Interior issued a comprehensive opinion analyzing the status of Alaska Native villages as "Indian tribes," as that term is commonly used to refer to Indian entities in the contiguous 48 states.  The Solicitor analyzed at length the unique circumstances of Alaska Native villages.  After a lengthy historical review, the Solicitor concluded that there are tribes in Alaska:

> By the time of enactment of the IRA [Indian Reorganization Act of 1934, as

amended in 1936], the preponderant opinion was that Alaska Natives were subject to the same legal principles as Indians in the contiguous 48 states, and had the same powers and attributes as other Indian tribes, except to the extent limited or preempted by Congress.

\* \* \*

What constitutes a tribe in the contiguous 48 states is sometimes a difficult question. So also is it in Alaska. The history of Alaska is unique, but so is that of California, New Mexico and Oklahoma. While the Department's position with regard to the existence of tribes in Alaska may have vacillated between 1867 and the opening decades of this century, it is clear that for the last half century, Congress and the Department have dealt with Alaska Natives as though there were tribes in Alaska. The fact that the Congress and the Department may not have dealt with all Alaska Natives as tribes at all times prior to the 1930's did not preclude it from dealing with them as tribes subsequently.

Sol. Op. M-36975, at 46, 47-48 (Jan. 11, 1993).

The Solicitor found it unnecessary for the purposes of his opinion to identify specifically those villages which are tribes, although he observed that Congress' listing of specific villages in the Alaska Native Claims Settlement Act and the repeated inclusion of such villages within the definition of "tribe" over the 20 years since the passage of ANCSA arguably constituted a congressional determination that the villages found eligible for benefits under ANCSA, referred to as the "modified ANCSA list," / considered Indian tribes for purposes of Federal law. M-36975, at 58-59.

*are*

In view of the foregoing, and to comply with the requirement of 25 C.F.R. § 83.6(b), the Department of the Interior has determined it necessary to publish a new list of Alaska tribal entities.

6

The Bureau of Indian Affairs has reviewed the "modified ANCSA list" of villages and the list of those villages and regional tribes previously listed or dealt with by the federal government as governments and found that the villages and regional tribes listed below have functioned as political entities exercising governmental authority and are, therefore, acknowledged to have "the immunities and privileges available to other federally acknowledged Indian tribes by virtue of their status as Indian tribes as well as the responsibilities and obligations of such tribes."

The purpose of the current publication is to publish an Alaska list of entities conforming to the intent of 25 C.F.R. § 83.6(b) and to eliminate any doubt as to the Department's intention by expressly and unequivocally acknowledging that the Department has determined that the villages and regional tribes listed below are distinctly Native communities and have the same status as tribes in the contiguous 48 states. Such acknowledgement of tribal existence by the Department is a prerequisite to the protection, services, and benefits from the federal government available to Indian tribes. This list is published to clarify that the villages and regional tribes listed below are not simply eligible for services, or recognized as tribes for certain narrow purposes. Rather, they have the same governmental status and are entitled to the same protection, immunities, privileges and limitations and to the exercise of the same inherent and delegated authorities available to other federally acknowledged Indian tribes by virtue of their status as Indian tribes with a government-to-government relationship with the United States.

A directive accompanying the Department of the Interior and Related Agencies Appropriations Act for FY 1992 directed the Secretary to study the historical evidence relating to five villages for purposes of determining whether they were inadvertently denied village or urban status under ANCSA. H.R. Rept. No. 102-256, 102d Cong., 1st Sess. 42-43 (1991). Three of these villages are listed below on the basis of their reorganization under Federal law. A decision on inclusion of the remaining two villages (Skagway and Tenakee) will be made after the completion of the study.

Because the list published by this notice is limited to entities found to be Indian tribes, as that term is defined and used in 25 C.F.R Part 83, it does not include a number of non-tribal Native entities in Alaska that currently contract with or receive services from the Bureau of Indian Affairs pursuant to specific statutory authority, including ANCSA village and regional corporations and various tribal organizations. These entities are made eligible for Federal contracting and services by statute and their non-inclusion on the list below does not affect the continued eligibility of the entities for contracts and services.[1]

## NATIVE ENTITIES WITHIN THE STATE OF ALASKA
## RECOGNIZED AND ELIGIBLE TO RECEIVE SERVICES
## FROM THE UNITED STATES
## BUREAU OF INDIAN AFFAIRS

---

[1] Under longstanding BIA policy, priority for contracts and services in Alaska is given to reorganized and traditional governments over non-tribal corporations. Proposed regulations to implement the 1988 Amendments to the Indian Self-Determination Act scheduled to be published in the near future will incorporate this policy.

8