# National Indian Gaming Commission

IN RE: CLASS II GAMING ORDINANCE OF
THE KENAITZE INDIAN TRIBE

**FINAL ORDER**

**March 18, 2004**

---

The Kenaitze Indian Tribe (Tribe) adopted a Class II gaming ordinance on December 4, 1994. After amending the ordinance, the Tribe submitted the ordinance to the National Indian Gaming Commission (Commission) Chairman for review and approval.[1] The NIGC received the gaming ordinance, as amended, on February 13, 1995. The Chairman disapproved the Tribe's gaming ordinance by letter dated May 12, 1995. The Tribe did not appeal the Chairman's decision to the full Commission but filed suit in the United States District Court for the District of Columbia to set aside the Chairman's decision to disapprove the ordinance.[2]

The United States Department of Justice, representing the Commission, sought remand for further administrative consideration of the Chairman's decision in a motion filed with the Court on February 4, 2000. The purpose of remand was to allow the Commission to provide detailed explanations supporting the decision to disapprove the ordinance, if appropriate, to reexamine additional facts raised in the Tribe's First Amended Complaint in the case, and to examine changed circumstances involving the proposed gaming properties.[3] In its Remand Order of January 18, 2001, the Court granted the motion and returned the NIGC Chairman's administrative decision of May 12, 1995, disapproving the ordinance to the Commission for reconsideration.[4]

---

[1] Under the Indian Gaming Regulatory Act, an Indian tribe may engage in, or license and regulate, Class II gaming on Indian lands subject to the tribe's jurisdiction if the governing body of the tribe adopts an ordinance or resolution which is approved by the NIGC Chairman. *See* 25 U.S.C. § 2710(b).

[2] Under Commission regulations, a tribe may appeal the Chairman's disapproval of its ordinance. *See* 25 C.F.R. Part 524.

[3] *See* Defendants' Memorandum of Points and Authorities, <u>Akiachak Native Community, et al. v. Monteau, et al.</u>, CIV No. 1:96-CV-02302, U.S. Dist. Ct. for the District of Columbia, p.1.

[4] Order of January 18, 2001, <u>Akiachak Native Community, et al. v. Monteau, et al.</u>, CIV No. 1:96-CV-02302, U.S. Dist. Ct. for the District of Columbia.

A period of inactivity followed the Court's Remand Order by agreement of the parties.[5] The Tribe and the Commission agreed to delay reconsideration of the gaming ordinance pending the outcome of litigation in the companion case of <u>Native Village of Barrow v. NIGC</u> and a determination by the Tribe on whether it wished to adopt a new gaming ordinance that would cure technical deficiencies in the original ordinance. Following discussions and correspondence with the attorney representing the Tribe, the Commission's Senior Attorney wrote to the Tribe on June 3, 2003, explaining that the Commission now wished to reconsider the gaming ordinance and seeking information on whether the Tribe wanted to make necessary corrections to the ordinance or propose alternative sites within the Tribe's jurisdiction for a gaming operation. The Tribe responded by letter dated July 2, 2003, that it withdrew its ordinance from any further consideration by the NIGC and indicating further that, if the Tribe desired consideration of a gaming ordinance by the NIGC, an ordinance would be resubmitted for approval.

ORDER:

The Commission acknowledges the Kenaitze Indian Tribe's request of July 2, 2003, to withdraw the Tribe's gaming ordinance from further review by the Commission and dismisses the appeal.

FOR THE NATIONAL INDIAN GAMING COMMISSION:

_____  
Philip N. Hogen  
Chairman

_____  
Nelson W. Westrin  
Commissioner

_____  
Cloyce V. Choney  
Commissioner

March 18, 2004  
Date

---

[5] *See* Letter of April 17, 2001, from NIGC Senior Attorney William Grant to Attorney Bertram Hirsch, part of the administrative file in this matter.

2