# Exhibit 6

To

Federal Defendants' Opposition to Plaintiff's Motion for Extra-Record Discovery

*Prior Indian Lands Determination for Native Village of Eklutna*



United States Department of the Interior

OFFICE OF THE SOLICITOR

MAY 17 1995

In reply, please address to:
Main Interior, Room 6456

Michael J. Cox, General Counsel
National Indian Gaming Commission
1850 M Street, NW, Suite 250
Washington, D.C. 20036

Dear Mr. Cox:

You have requested our views as to whether a restricted allotment held by a member of the Native Village of Eklutna (Eklutna) is "Indian lands" as defined by the Indian Gaming Regulatory Act (IGRA) upon which Eklutna may conduct Class II and Class III gaming.

The IGRA defines Indian lands as including "any lands title to which is either held in trust by the United States for the benefit of any Indian tribe or individual or held by any Indian tribe or individual subject to restriction by the United States against alienation and over which an Indian tribe exercises governmental power." 25 U.S.C. § 2703(4)(b). The NIGC regulations have further clarified the definition by providing that:

> <u>Indian lands means</u>
>
> (a) Land within the limits of an Indian reservation; or
>
> (b) <u>Land over which an Indian tribe exercises governmental power</u> and that is either--
>
>   (1) Held in trust by the United States for the benefit of any Indian tribe or individual; or
>
>   (2) <u>Held by an Indian tribe or individual subject to restriction by the United States</u> against alienation.

25 C.F.R. § 502.12 (Emphasis added).

The land in question is an individual Native allotment held in restricted fee status. Deeds to individual allotments were issued to Natives subject to statutory restrictions on alienation,

pursuant to the Alaska Native Allotment Act of 1906.[1] Thus, as required by IGRA, the land is held by an individual subject to restrictions by the United States against alienation.

Whether Eklutna meets the remaining IGRA requirement, that it exercises governmental power over the land, is unclear. Restricted deed allotments have the same status as trust allotments for purposes of 18 U.S.C. § 1151, and thus are considered Indian country. United States v. Ramsey, 271 U.S. 467 (1926). However, an assertion of tribal jurisdiction, as opposed to Federal jurisdiction, over individual restricted lots would be doubtful if there were no clear tribal nexus to the Native allotment. The village has the burden of establishing the proof that it satisfies the statutory requirements, including the fact that it exercises governmental authority over the lot.

Solicitor's Opinion, M-36975 (January 11, 1993), discusses the extent of tribal jurisdiction over individual Native allotments. Solicitor Sansonetti opined that he was "not convinced that any specific villages or groups can claim jurisdictional authority over allotment parcels." Id. at 129. The Ninth Circuit Court of appeals has indicated that such authority may exist if the land in question is determined to be part of a "dependent Indian community." See e.g. Alaska v. Native Village of Venetie, 856 F.2d 1384, 1391 (9th Cir. 1988); Native Village of Tyonek v. Puckett, 957 F.2d 631 (9th Cir. 1992).[2]

We are not convinced, based on the information before us, that the Eklutna Indian Tribe exercises governmental power over the land. Therefore, we cannot conclude that the land in question is "Indian land" as defined by IGRA.

Sincerely,

Robert T. Anderson
Associate Solicitor
Division of Indian Affairs

---

[1] Act of May 17, 1906, Pub. L. No. 59-171, 34 Stat. 197, as amended by Act of August 2, 1956, Pub. L. No. 84-931, 70 Stat. 954 (formerly codified at 43 U.S.C. § 270-1 through 270-3 (1970).

[2] It is likely that some of the legal issues identified in the Solicitor's Opinion will be addressed in litigation pending before the federal district court for Alaska. Alaska v. Native Village of Venetie, No. F87-0051 (HRH)(D. Alaska); Alyeska v. Kluti Kaah Native Village of Copper Center, No. A87-201 (HRH)(D. Alaska). In the meantime, the Solicitor's Opinion remains subject to review.