UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
NATIVE VILLAGE OF EKLUTNA,          )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
U.S. DEPARTMENT OF THE INTERIOR,    )
et al.,                             ) Case No. 1:19-cv-02388 DLF
                                    )
        Defendants,                 )
                                    )
and                                 )
                                    )
STATE OF ALASKA,                    )
                                    )
        Intervenor-Defendant.       )
_____)
```

**MOTION FOR RECONSIDERATION**

The Alaska Charitable Gaming Alliance (ACGA) moves the court to reconsider that portion of the Minute Order it entered on August 19, 2020 in which the court denied the ACGA's motion to intervene on the ground that the ACGA's argument that the members of plaintiff Native Village of Eklutna (NVE) are not an "Indian tribe" as section 4(5) of the Indian Gaming Regulatory Act defines that term is not "legally relevant to this lawsuit."

This motion is based on the attached memorandum.

ACGA's counsel has discussed this motion with counsel for the NVE, the federal defendants, and intervenor-defendant State of Alaska. The NVE opposes the motion. The federal defendants and

intervenor-defendant State of Alaska take no position on the motion, but each reserves the right to file a response.

DATED: August 24, 2020

/s/ Donald Craig Mitchell
_____

Donald Craig Mitchell
DC Bar No. 277319

1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
dcraigm@aol.com

Attorney for Alaska Charitable Gaming Alliance

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIVE VILLAGE OF EKLUTNA, | ) |
| Plaintiff, | ) |
| v. | ) |
| U.S. DEPARTMENT OF THE INTERIOR, et al., | ) Case No. 1:19-cv-02388 DLF |
| Defendants, | ) |
| and | ) |
| STATE OF ALASKA, | ) |
| Intervenor-Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**

A motion for reconsideration is not a procedural means for a losing litigant to get a "second bite at the apple." *Boerner v. CVNV Funding LLC*, 326 F. Supp.3d 665, 678 (D.C.E.D. Wis. 2018). Nor is it a procedural means to "rehash rejected arguments." *Saltmarshall v. VHS Children's Hospital*, 402 F. Supp.3d 389, 393 (D.C.E.D. Mich. 2019). Rather, as the Third Circuit has instructed, the purpose of a motion for reconsideration is to provide the court an opportunity "to correct manifest errors of law or fact." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985).

With all due respect, that is the situation here.

1

In its motion to intervene the Alaska Charitable Gaming Alliance (ACGA) informed the court that the federal defendants and intervenor-defendant State of Alaska will not adequately represent the ACGA's interest in this action because neither will make a legal argument the ACGA will make if the court grants the ACGA leave to participate as a defendant.

That legal argument is that the members of plaintiff Native Village of Eklutna (NVE) are not an "Indian tribe" as section 4(5) of the Indian Gaming Regulatory Act (IGRA) defines that term.

In the Minute Order it issued on August 19, 2020 the court concluded that that argument is not "legally relevant to this lawsuit" because during the informal administrative proceeding that resulted in the agency decision that the Ondola allotment does not qualify as "Indian lands" as section 4(4) of the IGRA defines that term the federal defendants did not consider whether the members of the NVE are an IGRA section 4(5) "Indian tribe." And the court is correct. Because throughout that proceeding the federal defendants simply assumed that the members of the NVE were an IGRA section 4(5) "Indian tribe."

But it is a blackletter constitutional rule that this court has no Article III jurisdiction to review the validity of the agency decision that the Ondola allotment does not qualify as IGRA section 4(4) "Indian lands" until and unless the NVE

demonstrates that it has standing to invoke the court's Article III jurisdiction. And it is another blackletter constitutional rule that, as is the situation here, if the federal defendants and intervenor-defendant State of Alaska have each for their and its own reasons decided that they will not require the NVE to demonstrate that it has Article III standing, the court must investigate the question of the NVE's standing *sua sponte*.

With respect to that investigation, since an IGRA section 4(5) "Indian tribe" is the *only* entity that the IGRA authorizes to engage in gaming on "Indian lands," if the members of the NVE are not an IGRA section 4(5) "Indian tribe," then the NVE suffered no injury-in-fact if *arguendo* the federal defendants erred when they decided that the Ondola allotment does not qualify as "Indian lands." And if it suffered no injury-in-fact then the NVE has no standing to invoke the court's Article III jurisdiction and this action must be dismissed.

In the opening and reply memoranda it filed in support of its motion to intervene the ACGA identified the standing issue and explained why the members of the NVE are not an IGRA section 4(5) "Indian tribe." *See* ACGA Opening Memorandum, at 18 n. 8; ACGA Reply Memorandum, at 9 ("ACGA's legal argument regarding tribal status is consequential because, while NVE did not need Article III standing to ask the federal defendants to make an 'Indian lands' determination, it is a blackletter constitutional

3

rule that this court has no Article III jurisdiction to adjudicate NVE's causes of action until and unless NVE demonstrates that it has standing to invoke the court's jurisdiction").

In those memoranda the ACGA would not have identified for the court the legal argument regarding the NVE's lack of standing as an IGRA section 4(5) "Indian tribe" if the ACGA did not believe the argument is meritorious. But whether the argument is meritorious is not at issue here. What is at issue is that the argument is not, as the court announced in its Minute Order, "legally irrelevant to this lawsuit." Rather, it is an argument that is not only legally relevant, but of consequential constitutional importance.

In summary, in its Minute Order the court ignored - made no mention whatsoever of - the legal relevance of the ACGA's IGRA section 4(5) "Indian tribe" argument to the court's constitutional responsibility to determine whether the NVE has demonstrated that it has standing to invoke the court's Article III jurisdiction to adjudicate the claims for relief the NVE has alleged in its complaint.

Because, again with all due respect, that omission of analysis was a manifest error of law, the ACGA requests the court to correct the error by granting the instant motion.

DATED: August 24, 2020

4

/s/ Donald Craig Mitchell
_____

Donald Craig Mitchell
DC Bar No. 277319

1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
dcraigm@aol.com

Attorney for Alaska Charitable
Gaming Alliance

5