UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIVE VILLAGE OF EKLUTNA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, <br><br> Defendants, <br><br> and <br><br> STATE OF ALASKA, <br><br> Defendant-Intervenor. | Case No. 1:19-cv-02388-DLF |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS I AND III

Plaintiff Native Village of Eklutna ("Eklutna" or "Tribe") respectfully moves, pursuant to Federal Rule of Civil Procedure 56(a), for summary judgment as to the Tribe's First and Third Causes of Action.

The Tribe is entitled to summary judgment on its First Cause of Action ("Count I") because the Department of the Interior ("Department") acted arbitrarily and capriciously and contrary to law when it issued the negative Indian lands determination that is the subject of this action. In issuing that decision, the Department applied the wrong jurisdiction test, relying on legally erroneous precedent, and failed to adequately consider the Tribe's factual submissions. The Department's negative Indian lands determination was therefore incorrect as a matter of law, and the Tribe has shown that it is entitled to an affirmative determination. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (summary judgment appropriate when there is no

dispute of material fact and movant is entitled to judgment as a matter of law); *see also Koi Nation of N. California v. United States Dep't of Interior*, 361 F. Supp. 3d 14, 33 (D.D.C. 2019). The Tribe therefore respectfully requests that this Court reverse the Department's decision and hold that the Ondola Allotment constitutes Indian lands within the meaning of 25 U.S.C. § 2307(4)(B).  *See Massachusetts v. Wampanoag Tribe of Gay Head (Aquinnah)*, 853 F.3d 618, 624–26 (1st Cir. 2017) (considering evidence of Tribe's exercise of governmental power and concluding that it meets the jurisdiction and governmental authority prongs of the Indian Gaming Regulatory Act, 25 U.S.C. § 2307(4)); *Rhode Island v. Narragansett Indian Tribe*, 19 F.3d 685, 701–03 (1st Cir. 1994) (same).

      The Tribe is entitled to summary judgment on its Third Cause of Action ("Count III") because the Department acted arbitrarily and capriciously in disapproving the Tribe's proposed lease on the basis of the flawed Indian lands determination.  The Indian lands determination was an invalid basis on which to disapprove the lease, and the Department provided no additional reasoning in support of its lease disapproval.  *See Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1907 (2020) (agency action may be upheld only on "the grounds that the agency invoked when it took the action" (quotation omitted)).  Accordingly, the Tribe respectfully requests summary judgment vacating the Department's lease disapproval.

      A supporting memorandum of points and authorities is filed herewith.

      Pursuant to Local Rule 7(f), Plaintiff requests an oral hearing on this motion.

      Respectfully submitted this 30th day of October 2020.

                            SONOSKY, CHAMBERS, SACHSE,
                              ENDRESON & PERRY, LLP

                By:   */s/ Colin C. Hampson*
                         Colin Cloud Hampson, D.C. Bar No. 448481
                         145 Willow Road, Suite 200

Bonita, CA 91902
Telephone: (619) 267-1306
Facsimile: (619) 267-1388
champson@sonoskysd.com

Whitney A. Leonard
Alaska Bar No. 1711064
Montana Bar No. 36409732
*Pro hac vice*
Sonosky, Chambers, Sachse, Miller &
  Monkman, LLP
725 East Fireweed Lane, Suite 420
Anchorage, AK 99503
Telephone:  (907) 258-7388
Facsimile:  (907) 272-8332
whitney@sonosky.net

*Attorneys for the Native Village of Eklutna*