# Exhibit 3

to

Federal Defendants' Memorandum in Opposition to Plaintiff's Motion for Summary Judgment and in Support of Cross-Motion

*1958 Regulations Implementing the Alaska Native Allotment Act (43 C.F.R. §§ 67.1–67.9 (1964))*

for or offer of such a lease or permit, the land will be subject to the right of such prior mineral permittee or lessee, or of such prior applicant for or offeror of a mineral permit or lease, to occupy and use so much of the surface of the lands as may be reasonably required for mineral leasing operations, without liability to the entryman, allottee, or patentee for crop and improvement damages resulting from such mineral activity.

§ 66.4  Obligations of subsequent mineral permittees or lessees; bonds for prospecting damages; bonds for mining damages.

(a) Any coal permit applicant or noncompetitive oil and gas lease offeror whose application or offer was filed subsequent to the date of the initiation of a claim that is subject to the provisions of the act of 1922 must file with the appropriate Land Office Manager a waiver from, or a consent of, the claimant, or a bond or undertaking on Form 4-1130 for coal applicants and Form 4-208g for oil and gas offerors for the payment of all damages to the crops and improvements on the lands caused by the prospecting.

(b) There must be filed with the bond or undertaking required by the preceding paragraph, evidence of service of a copy thereof upon the claimant. The bond must be executed by the prospector as principal and by a corporate surety which has been approved as required by section 1 of the act of July 30, 1947 (61 Stat. 646; 6 U.S.C. 1-15), in the sum of $1,000. Where surety bonds are tendered with individuals as sureties, they must be executed by not less than two qualified individual sureties. Each surety must execute a statement showing that he is worth $2,000 in real property not exempt from execution, over and above his just debts and liabilities and that he is either a resident of the same State or Territory and the United States Judicial District as the principal on the bond, or of the United States Judicial District in which the lands involved are located. There also must be furnished a certificate by a judge or clerk of a court of record, a United States Attorney, a United States Commissioner, or a United States Postmaster, as to the identity, signature, and financial competency of the sureties. The statement of justification required to be furnished by the sureties, and the certificate of competency must be on Form 4-215.

(c) Bonds or undertakings executed pursuant to the provisions of § 66.1(c) (3) must not be filed with the Bureau of Land Management. Such bonds or undertakings are to be arranged for as specified in that subparagraph.

§ 66.5  Use of coal by the nonmineral claimant.

A claimant under the act of 1922 may, at any time prior to the disposal by the United States of the coal deposits on his claim, make use of them for his domestic purposes and this may be done without the filing of any application therefor. This privilege does not, however, authorize the mining of the coal deposits for the purpose of barter or sale.

# PART 67—INDIANS, ALEUTS, AND ESKIMOS

ALLOTMENTS TO INDIANS, ALEUTS, AND ESKIMOS

Sec.
67.1   Statutory authority.
67.2   National forest lands.
67.3   Coal, oil, or gas lands.
67.4   Number of allotments; contiguity.
67.5   Applications for allotment.
67.6   Segregative effects of applications.
67.7   Allotments.
67.8   Approval of conveyances.
67.9   Appeals.

SEGREGATION OF OCCUPIED LANDS

67.11  Occupied lands not subject to entry.

POSSESSORY CLAIM HEARINGS

67.12  Rules of practice for hearings upon possessory claims to lands and waters used and occupied by natives of Alaska.

RESERVATIONS FOR INDIANS AND ESKIMOS

67.13  Extension of certain provisions of the Wheeler-Howard Act to Alaska; establishment of reservations.

AUTHORITY: §§ 67.1 to 67.13 issued under R.S. 2478, 34 Stat. 197; 43 U.S.C. 1201, 48 U.S.C. 357. Statutory provisions interpreted or applied are cited to text in parentheses.

CROSS REFERENCES: For applications and entries, see Parts 60, 101-108 of this chapter. For Indian homestead entries and patents, see § 166.7 of this chapter.

ALLOTMENTS TO INDIANS, ALEUTS AND ESKIMOS

SOURCE: §§ 67.1 to 67.9 contained in Circular 2008, 23 F. R. 9484, Dec. 6, 1958.

§ 67.1 Statutory authority.

(a) The act of May 17, 1906 (34 Stat. 197), as amended August 2, 1956 (70 Stat. 954; 48 U.S.C. 357), authorizes the Secretary of the Interior to allot not to exceed 160 acres of vacant, unappropriated, and unreserved nonmineral land in Alaska or, subject to the provisions of the act of March 8, 1922 (42 Stat. 415; 48 U. S. C. 376–377), of vacant, unappropriated, and unreserved public land in Alaska that may be valuable for coal, oil, or gas deposits, or, under certain conditions, of national forest lands in Alaska, to certain Indians, Aleuts, or Eskimos of full or mixed blood, who reside in and are natives of Alaska.

(b) Under the Allotment Act, as amended, an applicant for allotment must be at least 21 years of age or the head of a family.

(c) Under the terms of the Allotment Act, as amended, the land allotted is deemed to be the homestead of the allottee and his heirs in perpetuity, and is inalienable and nontaxable. An Indian, Aleut, or Eskimo who receives an allotment under the act, or his heirs, however, may with the approval of the Secretary, convey the complete title to the allotted land by deed. The allotment shall thereafter be free of any restrictions against alienation and taxation unless the purchaser is an Indian, Aleut, or Eskimo native of Alaska who the Secretary determines is unable to manage the land without the protection of the United States and the conveyance provides for a continuance of such restrictions.

§ 67.2 National forest lands.

Allotments may be made in national forests if founded on occupancy of the land prior to the establishment of the particular forest or if an authorized officer of the Department of Agriculture certifies that the land in the application for allotment is chiefly valuable for agricultural or grazing purposes.

§ 67.3 Coal, oil, or gas lands.

Lands in applications for allotment and allotments that may be valuable for coal, oil, or gas deposits are subject to the regulations of Part 66 of this chapter.

§ 67.4 Number of allotments; contiguity.

(a) No more than one allotment may be made to any one person.

(b) Lands in an allotment must be in a reasonably compact form and cannot consist of incontiguous tracts of land.

§ 67.5 Applications for allotment.

(a) Applications for allotment must be filed, in triplicate on Form 4–021, properly and completely executed, in the land office which has jurisdiction over the lands. The application must be signed by the applicant but if he is unable to write his name, his mark or thumb print must be impressed on the application and witnessed by two persons.

(b) If surveyed, the land must be described in the application according to legal subdivisions of the public land surveys. If unsurveyed, it must be described as accurately as possible by metes and bounds and natural objects, and its position with reference to rivers, creeks, mountains or mountain peaks, towns or other prominent topographic points or natural objects or monuments, and to well-known nearby roads and trails, must be given.

(c) The application must be accompanied by a statement by the applicant that he has plainly indicated on the ground the corners of the land applied for by setting substantial posts or heaping up mounds of stones on each corner and that he has posted a notice of the application on the land, describing the tract applied for in the terms employed in the application on Form 4–021.

(d) Any application for allotment of lands which extend more than 160 rods along the shore of any navigable waters must be accompanied by a showing that the lands are not necessary for harborage, landing and wharf purposes and that the public interests will not be injured by waiver of the 160-rod limitation (see Part 77 of this chapter).

(e) Applications for allotment will be referred by the Bureau of Land Management to the Bureau of Indian Affairs for certification by an authorized officer that the applicant is a native qualified to make application under the Allotment Act, as amended. If the application is returned without such a certification, the application will be rejected.

(f) The filing of an application for allotment will grant no rights to the applicant over and above those which are specified in §§ 67.6 and 67.11. If the applicant does not submit the proof required by § 67.7 within 6 years of the filing of his application in the land office, his application for allotment will terminate without affecting the rights of the applicant gained by virtue of his occupancy of the land, or his rights to make

§ 67.6                              Title 43—Public Lands: Interior

another application. If the application was filed prior to the effective date of this paragraph, the application will be terminated under this paragraph only by decision of the authorized officer after appropriate notice te the applicant, granting him a reasonable period within which to file proof of continuous use and occupancy of the land as required by the regulation in this part.

§ 67.6  Segregative effect of applications.

The filing of an acceptable application for allotment will segregate the lands to the extent that conflicting applications for such lands will be rejected, except when accompanied by a showing that the applicant for allotment has permanently abandoned occupancy of the land.

§ 67.7  Allotments.

An allotment will not be made until the applicant has made satisfactory proof of substantially continuous use and occupancy of the land for a period of five years and the lands are surveyed by the Bureau of Land Management. Such proof must be made in triplicate and filed in the appropriate land office. It must be signed by the applicant, but if he is unable to write his name, his mark or thumb print must be impressed on the statement and witnessed by two persons. The showing of five years' use and occupancy may be submitted with the application for allotment if the applicant has then used and occupied the land for five years, or at any time after the filing of the application when the required showing can be made. The proof should give the name of the applicant, identify the application on which it is based, and appropriately describe the land involved. It should show the periods each year applicant has resided on the land; the amount of the land cultivated each year to garden or other crops; the amount of crops harvested each year; the number and kinds of domestic animals kept on the land by the applicant and the years they were kept there; the character and value of the improvements made by the applicant and when they were made; and the use, if any, to which the land has been put for fishing or trapping.

§ 67.8  Approval of conveyances.

Applications for approval of conveyances by an allottee or his heirs must be filed with the appropriate office of the Bureau of Indian Affairs.

§ 67.9  Appeals.

An appeal pursuant to Appeals and Contests, Part 221 of this chapter, may be taken from the decision of the authorized officer of the Bureau of Land Management.

SEGREGATION OF OCCUPIED LANDS

§ 67.11  Occupied lands not subject to entry.

Lands occupied by Indians, Aleuts, and Eskimos in good faith are not subject to entry or appropriation by others.
[Circ. 2008, F.R. 9485, Dec. 6, 1958]

POSSESSORY CLAIM HEARINGS

§ 67.12  Rules of practice for hearings upon possessory claims to lands aud waters used and oceupied by natives of Alaska.

(a) *Petitions of native groups.* Petitions of native groups of Alaska concerning possessory claims to lands and waters based upon any of the foregoing statutes or upon use or occupancy maintained from aboriginal times to the present day, but not evidenced by formal patent, deed or Executive order, shall be filed with the Secretary of the Interior on or before December 31, 1952. No petition filed thereafter will be considered by the Department. A copy of any such petition shall be forthwith transmitted to the Commissioner of Indian Affairs and the Director of the Bureau of Land Management for preliminary investigations and reports, and such reports shall be made a part of the record at the hearing.

(b) *Hearing and notice.* The Secretary of the Interior or such other presiding officer as may be designated by the Secretary of the Interior shall hold public hearings upon the possessory claims of native groups of Alaska. The Secretary will give notice of the hearings by publication of the time, place, and subject matter of the hearing in the FEDERAL REGISTER. The Secretary will also cause a copy of the said notice to be mailed to the last known address of all parties who are shown by the preliminary investigations to have interests in the area concerned which may be adversely affected by the claims asserted. The hearing may be continued from time to time and adjourned to a later date or

a different place without notice other than the announcement thereof by the presiding officer at the hearing.

(c) *Powers of presiding officer.* (1) The hearing shall be conducted in an informal but an orderly manner in accordance with the rules of practice hereinafter set forth. Matters of procedure not covered by this section shall be determined by the presiding officer. He shall have power to: (i) Administer oaths; (ii) rule upon motions and requests; (iii) examine witnesses and receive evidence; (iv) admit or exclude evidence and rule upon objections; (v) hear oral arguments and receive memoranda on facts and law in his discretion; (vi) do all acts and take all measures necessary for the maintenance of order at the hearing and the official conduct of the proceeding.

(2) At any stage of the hearing, the presiding officer may call for further evidence upon any matter. In the event that the hearing shall be reopened for the purpose of receiving further evidence, due and reasonable notice of the time and place for the taking of evidence shall be published in the FEDERAL REGISTER and sent to all parties who appeared at the hearing.

(3) The presiding officer may take official notice of any generally recognized fact, any established technical or scientific fact, or any official public records.

(d) *Appearances.* Any interested person including any agency of the Department or other governmental agency shall be given an opportunity to appear either in person or through authorized counsel or other representation and to be heard with respect to matters relevant and material to the proceeding. Each such person or representative shall be required to inform the presiding officer of his name and address, the names, addresses and occupations of persons, if any, whom he represents and the position he takes with respect to the issues of the hearing. Where a person appears through counsel or representation, such counsel or representative shall before proceeding to testify, or otherwise to participate in the hearing, state for the record his authority to act as such counsel or representative.

(e) *Evidence.* (1) The evidence of the witnesses shall be given under oath. Witnesses may be questioned by the presiding officer or by any person who has entered an appearance for the purpose of assisting the presiding officer in ascertaining the material facts with respect to the subject matter of the hearing.

(2) The evidence, including affidavits, records, documents and exhibits received at the hearing, shall be reported and a transcript thereof shall be made. In the discretion of the presiding officer, written evidence may be received without being read into the record. Every party shall be afforded adequate opportunity to cross-examine, rebut or offer contravening evidence. Evidence shall be received with respect to the matters specified in the notice of the hearing in such order as the presiding officer shall announce.

(f) *Rules of evidence.* All evidence having reasonable probative value shall be admitted, regardless of common law or statutory rules of evidence, but immaterial, irrelevant or unduly repetitious evidence shall be excluded.

(g) *Opinion evidence.* In the discretion of the presiding officer, opinion evidence by properly qualified witnesses may be admitted.

(h) *Stipulations.* In the discretion of the presiding officer, stipulations of facts signed by the parties or their representatives may be introduced.

(i) *Depositions.* The presiding officer may order evidence to be taken by deposition at any stage of the proceeding before any person designated by him and having the power to administer oaths or affirmations. Unless notice be waived, no deposition shall be taken except after reasonable notice to the parties. Any person desiring to take a deposition of a witness shall make application in writing setting out the reasons why such deposition should be taken and stating the time when, the place where, and the name and address of the person before whom it is desired the deposition should be taken, the name and address of the witness and the subject matter concerning which the witness is expected to testify. If good reason be shown, the presiding officer will make and serve upon the parties or their attorneys an order naming the witness whose deposition is to be taken and specifying the time when, the place where, and the person before whom the witness is to testify. These may or may not be the same as those named in the application. The deponent shall be subject to cross-examination by all the parties appearing. In lieu of oral cross-examination, parties may transmit written cross-interrogations to the deponent. The testimony of the witness shall be reduced to

writing by the officer before whom the deposition is taken, or under his direction, after which the deposition shall be subscribed by the witness and certified in the usual form by the officer. Such deposition, unless otherwise ordered by the presiding officer for good cause shown, shall be filed in the record in the proceeding and a copy thereof supplied to the party upon whose application said deposition was taken or his attorney.

(j) *Objections.* It shall not be necessary to make formal exceptions to adverse rulings of the presiding officer upon objections.

(k) *Oral arguments and briefs.* (1) Oral arguments may be permitted in the discretion of the presiding officer. Such arguments shall be made a part of the transcript, if the presiding officer so orders.

(2) Briefs and proposed findings of fact and conclusions of law may not be filed after 30 days from the close of the hearing unless otherwise ordered by the presiding officer.

(l) *Filing the record of the hearing.* As soon as practicable after the close of the hearing the complete record shall be filed with the presiding officer. It shall consist of the transcript of the testimony and include exhibits and any written arguments that may have been filed. This record shall be the sole official record. No free copies of the record will be available in any proceeding under this section.

(m) *Action of presiding officer.* Within a reasonable time of the filing of the record of the hearing, the presiding officer shall file with the Secretary of the Interior a report upon the possessory claims of the petitioner which shall contain findings of fact and conclusions of law with respect to such claims. Unless final authority has been delegated by the Secretary to the presiding officer, the Secretary of the Interior will approve, disapprove or modify the findings and conclusions of the presiding officer. The determinations finally made shall be published in the FEDERAL REGISTER and a copy thereof shall be mailed to each party who appeared at the hearing or who received actual written notice of the hearing.

(n) *Rehearing.* Upon good cause shown within 30 days of the publication of the presiding officer's report, the Secretary in his discretion may order a rehearing.

(o) *Public notice of regulations.* Public notice of the issuance of the foregoing rules of practice for hearings shall be given by publishing the same in the FEDERAL REGISTER.

(p) *Revision of section.* This section may be revised by the Secretary of the Interior at any time without prior notice and such revision shall be published in the FEDERAL REGISTER.

(Sec. 8, 23 Stat. 26, sec. 15, 26 Stat. 1101, secs. 1, 10, 30 Stat. 409, 413, as amended, secs. 2, 27, 31 Stat. 321, as amended, 330, sec. 1, 43 Stat. 464, as amended, sec. 1, 49 Stat. 1250; 48 U.S.C. 356 and note, 358, 871, 359, 61, 221, 362) [19 F.R. 8860, Dec. 23, 1954]

RESERVATIONS FOR INDIANS AND ESKIMOS

§ 67.13 Extension of certain provisions of the Wheeler-Howard Act to Alaska; establishment of reservations.

(a) The inherent power conferred upon the Secretary of the Interior by section 441, Revised Statutes (5 U.S.C. 485), to supervise the public business relating to the Indians includes the supervision over reservations in the State of Alaska created in the interest of the natives and the authority to lease lands therein for their benefit. Opinion of the solicitor, May 18, 1923 (49 L.D. 592).

(b) The act of May 1, 1936 (49 Stat. 1250; 48 U.S.C., Sup., 358a, 362) extends certain provisions of the act of June 18, 1934 (48 Stat. 984; 25 U.S.C. 461–479), known as the Wheeler-Howard Act, to Alaska, and provides for the designation of Indian reservations in the State.

(c) The act of May 31, 1938 (52 Stat. 593; 48 U.S.C. 353a), authorizes the Secretary of the Interior in his discretion to withdraw, subject to any valid existing rights, and permanently reserve, small tracts of not to exceed 640 acres each of the public domain in Alaska, for schools, hospitals, and such other purposes as may be necessary in administering the affairs of the Indians, Eskimos, and Aleuts of Alaska.

[19 F.R. 8861, Dec. 23, 1954]